# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| EXCELENCIA IMPORTING PTY LTD d/b/a KENNELS & KATS, <br><br> Plaintiff, <br><br> v. <br><br> JINPING LENG d/b/a DELOMO, <br><br> Defendant. | Civil Action No. 1:23-cv-1911 <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff Excelencia Importing Pty Ltd. d/b/a Kennels & Kats ("K&K"), through its counsel and for the complaint against Defendant Jinping Leng d/b/a Delomo ("Defendant") states as follows.

## NATURE OF THE ACTION

1. Through inequitable conduct, Defendant improperly obtained U.S. Patent No. D827,946, entitled "Pet Grooming Glove" (the "Asserted Patent"), which claims an ornamental design that was already on sale in the United States by third parties before the application for the Asserted Patent was filed. (A copy of the Asserted Patent is filed herewith as **Exhibit A**.)

2. Even though Defendant, upon information and belief, knew that pet grooming glove bearing the design claimed in the Asserted Patent was on sale prior to its priority date, Defendant illegally and improperly failed to disclose this information to the United States Patent and Trademark Office ("USPTO") during the prosecution of the Asserted Patent.

3. After obtaining the Asserted Patent, Defendant, upon information and belief, knowing that the Asserted Patent was invalid and unenforceable, asserted the Asserted patent against K&K by submitting a notice of infringement to Amazon.com ("Amazon").

4. K&K, an online retailer of pet supply products, brings this action for a judgment declaring that the Asserted Patent is invalid and obtained by inequitable conduct, and to recover its damages caused by Defendant's illegal and improper conduct.

## THE PARTIES

5. K&K is an Australian proprietary limited company with a principal place of business at 9 Olola Avenue, Castle Hill, NSW 2154, Australia.

6. Upon information and belief, Defendant is a Chinese citizen with a business address of Rm.1920, Block B, Xufei Garden Bagua 2nd Road, Futian DIST Shenzhen, Guangdong, China 518000. Defendant is the purported inventor and owner of the Asserted Patent.

7. Upon information and belief, Defendant distributes products under the DELOMO brand. Defendant owns trademark registrations for this mark in Defendant's individual name. It is not known whether the Delomo business is operated in the name of any other legal entity.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331, 1338, and 1367.

9. This Court has personal jurisdiction over Defendant because he regularly conducts business and/or sells goods to consumers in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Defendant's wrongful acts and injury to K&K occurred in this judicial district.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction. Venue is also proper under 28 U.S.C. § 1391(c)(3) because a defendant that does not reside in the United States may be sued in any judicial district.

11. K&K seeks relief under the Federal Declaratory Judgement Act. K&K has standing because Defendant filed claims of patent infringement to Amazon which have resulted in the removal of K&K's Amazon product listings. Product delisting from Amazon has stopped K&K's Amazon sales and caused significant financial loss. Defendant's actions thereby give rise to a case of actual controversy under 28 U.S.C. §§ 2201, *et. seq*.

## K&K AND ITS BUSINESS

12. K&K is an online retailer of pet supply products. K&K primarily uses the Amazon Marketplace to offer and sell its products.

13. The Amazon Marketplace is an online e-commerce platform that allows for third parties like K&K to sell products on that platform.

14. K&K offers a variety of pet supplies on the Amazon Marketplace, including pet grooming gloves.

15. Upon information and belief, Amazon is the world's largest online retailer.

16. The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties like K&K with exposure to the world marketplace on a scale that no other online retailer can currently provide.

17. Nearly all of K&K's business is derived from the sale of products on the Amazon Marketplace.

18. Any harm that comes to the relationship between K&K and Amazon creates a potential for serious and irreparable injury to K&K.

## THE ASSERTED PATENT

19. On July 31, 2017, Defendant filed the application that resulted in the Asserted Patent ("Defendant's Application") with the USPTO.

20. Defendant's Application identified Defendant as the inventor of the design claimed in Defendant's Application.

21. In connection with Defendant's Application, Defendant signed a declaration pursuant to 37 C.F.R. § 1.63 stating, in part, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application."

22. Upon information and belief, at all relevant times, Defendant knew that he was not the original inventor or an original joint inventor of a claimed invention in Defendant's Application.

23. Upon information and belief, prior to filing Defendant's Application, Defendant knew that one or more third parties, such as Allstar Marketing Group, LLC ("Allstar"), were selling grooming gloves bearing the design claimed in Defendant's Application.

24. Upon information and belief, during the prosecution of the Application, Defendant knew that, prior to July 31, 2017, third parties, such as Allstar, were selling grooming gloves bearing the design claimed in Defendant's Application.

25. During the prosecution of Defendant's Application, Defendant did not disclose to the USPTO that one or more third parties were selling grooming gloves bearing the design claimed in Defendant's Application prior to July 31, 2017.

26. The Asserted Patent issued on September 4, 2018. The Asserted Patent claims the ornamental design of a pet grooming glove that is identical in all respects to the design of pet grooming gloves that were already on sale in the United States by Allstar one more than one year prior to the filing of Defendant's Application. A claim chart showing the figures from the Asserted Patent and photographs of the pet grooming glove sold in the United States by Allstar more than one year before the filing date of the Asserted Patent is attached hereto as **Exhibit B**.

## DEFENDANT'S IMPROPER CONDUCT

27. As demonstrated below, Defendant has engaged in a course of conduct designed to preclude K&K from selling its pet grooming glove by making false and defamatory allegations of intellectual property infringement.

28. Defendant sells pet grooming gloves on e-commerce platforms, including the Amazon Marketplace.

29. Defendant competes with K&K with respect to sales of pet grooming gloves.

30. It is well-known among intellectual property owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

31. It is well known that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

32. On the occasions that Amazon does reinstate a product listing, it can take Amazon weeks to do so.

33. Upon information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

34. Upon information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports that a product infringes a design patent, regardless of the truth of the report.

35. Upon information and belief, Defendant was, at all relevant times, aware that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller demonstrates to

Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

36.     In September 2023, Defendant's representative contacted Amazon and demanded that Amazon delist, *i.e.*, cease offering, Defendant's pet grooming glove (the "Accused Product") listed under Amazon's ASIN number, B07GD2YTLJ. A copy of this report is submitted herewith as **Exhibit C.**

37.     The basis of Defendant's complaint to Amazon was that the Accused Product infringes upon the Asserted Patent.

38.     As outlined above, Amazon does not adjudicate the validity of infringement claims. Rather, when presented with a patent, Amazon presumes that the claim of infringement is valid.

39.     Therefore, on September 20, 2023, Amazon delisted K&K's listing for the Accused Product due to the alleged "patent infringement" and informed K&K:

> If you think that the rights owner has made an error, please reach out to the rights owner and ask them to submit a retraction of the complaint ID listed below. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

40.     Upon information and belief, at all relevant times, Defendant knew that his allegations of patent infringement to Amazon were false.

41.     The allegations of patent infringement submitted to Amazon was signed by Defendant under penalty of perjury.

42.     Upon information and belief, the purpose of the false allegations of infringement that Defendant made to Amazon regarding the Accused Product was, and is, to injure K&K as a competitor by causing Amazon to take down K&K's listings for the Accused Product, and to otherwise damage K&K's sales, reputation and goodwill.

43. Because the Asserted Patent is unenforceable as it was obtained through inequitable conduct and is otherwise invalid, Defendant has no legitimate intellectual property claim against K&K.

44. The allegation of infringement caused Amazon to take down K&K's listing for the Accused Product.

45. Upon information and belief, at all relevant times, Defendant has known that the Asserted Patent is invalid and unenforceable.

46. Upon information and belief, Defendant's materially false allegations that the Accused Product infringed the Asserted Patent were knowingly false and made in bad faith, and with the intent to damage K&K.

47. As a result of the false allegations of infringement, K&K's Amazon listing for the Accused Product was taken down, resulting in an immediate loss of revenue and profits for K&K.

48. At no time has K&K infringed the Asserted Patent.

49. On October 5, 2023, K&K's counsel sent a letter to Defendant's representative, using the contact information provided by Amazon, and asked that the complaint be retracted because the claim of infringement is groundless. A copy of this letter is filed herewith as **Exhibit D**.

50. On October 17, 2023, Defendant's U.S. counsel responded to K&K's letter and refused to retract the complaint. K&K's counsel responded to this email on October 18, 2023, outlining the issue of invalidity relating to the Asserted Patent. Defendant's counsel has not since responded. A copy of this email chain is filed herewith as **Exhibit E**.

## COUNT I: DECLARATORY JUDGMENT OF PATENT INVALIDITY

51. K&K incorporates by reference paragraphs 1-50 and re-alleges them as if stated herein.

52. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

53. There exists an actual and justiciable controversy between K&K and Defendant with respect to the alleged validity of the Asserted Patent due to the assertion of the Asserted Patent against K&K.

54. The Asserted Patent is invalid for failure to comply with at least 35 U.S.C. § 102(a) in view of, among other things, the pet grooming gloves that were already on sale in the United States by Allstar more than one year prior to the filing of Defendant's Application.

55. As shown in **Exhibit B** hereto, each and every element of the ornamental design of the Asserted Patent was anticipated by the pet grooming gloves sold by Allstar.

56. In view of the foregoing, K&K is entitled to a judgment declaring that the Asserted Patent is invalid under at 35 U.S.C. § 102.

**COUNT II: DECLARATORY JUDGMENT OF PATENT UNENFOREABILITY**

57. K&K incorporates by reference paragraphs 1-56 and re-alleges them as if stated here.

58. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

59. There exists an actual and justiciable controversy between K&K and Defendant with respect to the alleged enforceability of the Asserted Patent due to the assertion of the Asserted Patent against K&K.

60. Upon information and belief, before and during the prosecution of Defendant's Application, Defendant knew that one or more third parties were selling pet grooming gloves bearing the design claimed in Defendant's Application.

61. During the prosecution of Defendant's Application, Defendant failed to disclose to the USPTO that one or more third parties were offering for sale and selling pet grooming gloves in the United States bearing the design claimed in Defendant's Application prior to July 31, 2017.

62. Upon information and belief, Defendant's failure to disclose such prior art pet grooming gloves to the USPTO was intentional.

63. Upon information and belief, at all relevant times, Defendant knew that these prior pet grooming gloves were material because they rendered the design claimed in the Asserted Patent unpatentable.

64. Upon information and belief, Defendant failed to disclose the pet grooming gloves to the USPTO with an intent to deceive because Defendant deliberately wanted to hide the fact that the design claimed in the Asserted Patent was unpatentable in view of these prior art pet grooming gloves.

65. Upon information and belief, had the USPTO been aware of the prior pet grooming gloves during the prosecution of Defendant's Application, it would not have allowed the Asserted Patent to issue.

66. Upon information and belief, because Defendant failed to disclose the prior art pet grooming gloves, the USPTO allowed the Asserted Patent to issue.

67. In view of the foregoing, K&K is entitled to a judgment declaring that the Asserted Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable.

**COUNT III: UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1124(a)(1)(B)**

68. K&K incorporates by reference paragraphs 1-67 and re-alleges them as if stated here.

69. Defendant's acts of directing Amazon to delist K&K's Accused Product on the basis of alleged patent infringement, even though Defendant knew that he was not the inventor of the claimed design, constitutes a violation of the Lanham Act. *See Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353-54 (Fed. Cir. 1999), holding that a bad faith infringement allegation supports a Lanham Act cause of action for unfair competition.

70. By asserting the Asserted Patent against K&K, despite knowledge that the Asserted Patent is invalid and not infringed, Leng made false statements to Amazon that were designed to injure K&K's reputation and standing with Amazon.

71. By reason of the foregoing, K&K is suffering and will continue to suffer irreparable harm, unless and until the Court enjoins Leng's activities and directs him to withdraw the Amazon complaint and to account and pay to K&K all its damages that it has suffered, including attorneys' fees for reckless statements to Amazon that have resulted in harm to K&K.

## COUNT IV: DEFAMATION

72. K&K incorporates by reference paragraphs 1-71 and re-alleges them as if stated here.

73. Defendant published false statements to Amazon regarding K&K by sending the allegations that K&K infringed the Asserted Patent with the intent to injure K&K.

74. K&K did not infringe the Asserted Patent.

75. Defendant's false statements were injurious to K&K's business because they caused Amazon to suspend K&K's selling privileges related to the Asserted Product.

76. Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that the Asserted Patent was invalid and/or unenforceable.

77. Defendant's false statements are not protected by any privilege.

78. Defendant acted with actual malice, or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon.

79. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

80. The statements made by Defendant were defamatory per se.

81. Additionally, K&K incurred special harm, including, but not limited to, suspension from selling the Accused Product and damage to K&K's relationship with Amazon and its customers.

82. Whether by defamation per se or by special harm, K&K has suffered injury as K&K's selling privileges related to the Accused Product have been suspended and K&K has lost sales of the Accused Product.

83. K&K is entitled to damages, costs, and attorneys' fees as allowed by law.

84. As a result of the defamatory statements made by Defendant, K&K has been damaged in an amount to be determined at trial.

85. Defendant's conduct was malicious, intentional and oppressive, thereby justifying an award of punitive damages.

86. K&K has suffered irreparable injury and, unless Defendant is enjoined from such activity, will continue to suffer irreparable injury.

**PRAYER FOR RELIEF**

WHEREFORE, K&K respectfully prays for judgment in its favor granting the following relief:

    a. A declaration that the Accused Patent is invalid and unenforceable;

b. Preliminary and permanent injunctive relief against Defendant, including without limitation enjoining Defendant from requesting that Amazon and others delist, block, or remove any of K&K's products on the basis of intellectual property infringement;

c. An order requiring Defendant to inform Amazon that Defendant's complaints against K&K are withdrawn, and that Amazon should re-list the Accused Product;

d. A determination that this action is an exceptional case under 35 U.S.C. § 285;

e. An award of K&K's damages caused by Defendant's tortious actions;

f. An award of punitive damages to K&K;

g. An award of K&K's attorney's fees and costs incurred in this action; and

h. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/*Bradley M. Stohry*
Bradley M. Stohry
Mark C. Reichel
REICHEL STOHRY DEAN LLP
6151 Central Ave
Indianapolis, IN 46220
(317) 501-2891
brad@rsindy.com
mark@rsindy.com